IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

)
)
)
IN RE NOVAN, INC.,                        )          MASTER FILE NO: 1:17CV999
SECURITIES LITIGATION                     )
)
)

ORDER

This matter came before the Court on March 15, 2018, for a motion hearing and for a preliminary scheduling conference. At the hearing, the Court considered the parties' motions to consolidate three putative class actions alleging violations of federal securities law: Miriyala, et al., v. Novan, Inc., et al., 17CV999; Stefanowicz, et al., v. Novan, Inc., et al., 17CV1015; and Cisneros v. Novan, Inc., et al., 17CV1066.[1] The Court also considered two competing motions requesting appointment as lead plaintiff and for approval of lead counsel [Doc. #20; Doc. #23].[2] For the reasons set out below, the Court will consolidate the cases and appoint Movant Van Phan ("Van Phan") as lead plaintiff. The Court will also approve Van Phan's selection of counsel as set out below.

---

[1] Attorneys Michael Fistel, Tricia McCormick, and L. Bruce McDaniel appeared on behalf of Movant Van Phan in Cases 1:17CV999, 1:17CV1015, and 1:17CV1066, and also appeared for Plaintiff Miriyala in Case 1:17CV999. Tricia McCormick and L. Bruce McDaniel also appeared on behalf of Plaintiff Stevanowicz in Case 1:17CV1015. No counsel separately appeared for Plaintiff Cisneros in Case 1:17CV1066. Ranchor Harris, III and Alexander Krot appeared on behalf of Movant Mauricio Racauchi in all three cases. Clifton Brinson and Gregory Watts were present on behalf of Defendants Novan, Inc. et al. Daniel Taylor appeared for Defendants Piper Jaffray & Co., JMP Securities LLC, and Wedbush Securities Inc.

[2] Unless otherwise noted, all docket citations are to the record in Miriyala, et al., v. Novan, Inc., et al., 1:17CV999.

A.      Motions to Consolidate

At the hearing, the Court first considered unopposed Motions to Consolidate the three actions.[3]   Federal Rule of Civil Procedure 42(a) provides the Court with discretion to consolidate cases in appropriate circumstances.

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  "In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit."  In re Cree, Inc., Securities Litigation, 219 F.R.D. 369, 370 (M.D.N.C. 2003) (citing Arnold v. Eastern Air Lines, 681 F.2d 186, 193 (4th Cir. 1982)).  Here, the three actions before the Court are all purported securities class actions.  All three involve substantially similar factual allegations, and determinations of liability will depend on application of the same legal theories.  Maintaining these cases individually would result in greater expenditure of time and resources for both the parties and the Court, and consolidation would reduce the risk of inconsistent adjudication of common issues.  The Court therefore grants the motions to the extent they seek consolidation of these cases.

---

[3] In their Response [Doc. #26], Defendants Novan, Inc., et al., noted their support for consolidation of the actions. Defendants Piper Jaffray & Co., JMP Securities LLC, and Wedbush Securities, Inc. ("Underwriter Defendants") filed a motion [Doc. #27] to join and adopt Defendant Novan Inc.'s Response, which the Court grants. At the hearing, Defendants again noted their agreement with the requests to consolidate the actions.

B.      Motions to Appoint Lead Plaintiff and to Approve Lead Counsel

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs securities

class actions and sets forth procedural requirements for the appointment of lead plaintiff.

Under the PSLRA, within 20 days after the complaint is filed, plaintiff(s) must publish a notice

advising members of the purported plaintiff class "of the pendency of the action, the claims

asserted therein, and the purported class period" and of their right to move to serve as lead

plaintiff within 60 days after the notice is published.  15 U.S.C. §78u-4(a)(3)(A)(i).[4]  The Court

shall appoint a lead plaintiff "[a]s soon as practicable" after resolving any motions to

consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The Court will consider a motion to serve as lead

plaintiff made by a member of the purported class in response to the notice, including a motion

by a class member who is not a named plaintiff in the complaints.  15 U.S.C. § 78u-4(a)(3)(B)(i).

Any plaintiff seeking to serve as a representative of the class must submit a signed and

sworn certification, filed with the complaint, that:

> (i) states that the plaintiff has reviewed the complaint and authorized its filing;
> (ii) states that the plaintiff did not purchase the security that is the subject of the
> complaint at the direction of plaintiff's counsel or in order to participate in any
> private action arising under this chapter; (iii) states that the plaintiff is willing to
> serve as a representative party on behalf of a class, including providing
> testimony at deposition and trial, if necessary; (iv) sets forth all of the
> transactions of the plaintiff in the security that is the subject of the complaint
> during the class period specified in the complaint; (v) identifies any other action
> under this chapter, filed during the 3-year period preceding the date on which
> the certification is signed by the plaintiff, in which the plaintiff has sought to
> serve as a representative party on behalf of the class; and (vi) states that the
> plaintiff will not accept any payment for serving as a representative party on
> behalf of a class beyond the plaintiff's pro rata share of any recovery....

---

[4] In cases, such as these, where "more than one action on behalf of a class asserting substantially the same
claim or claims … is filed," the PSLRA only requires that the plaintiff(s) in the first filed action publish
notice.  15 U.S.C. § 78u-4(a)(3)(A)(ii).

3

15 U.S.C. §78u-4(a)(2)(A).

When considering competing motions for the appointment of lead counsel, the Court must determine which member of the purported class is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

> "Prior to the enactment of the PSLRA, lead plaintiff status in securities class actions was generally determined by which party first filed suit. This rule invariably resulted in a 'race to the courthouse' in an effort by counsel to gain lead plaintiff status for their client." In re Bausch & Lomb Inc. Sec. Litig., 244 F .R.D. 169, 171 (W.D.N.Y.2007); see also, e.g., In re Olsten Corp. Sec. Litig., 3 F.Supp.2d 286, 294 (E.D.N.Y.1998). "Recognizing that the selection of the lead representative party should rest on considerations other than speed, Congress enacted the PSLRA in order to 'increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel.'" In re Bausch & Lomb Inc. Sec. Litig., 244 F.R.D. at 171 (quoting legislative history). Congress decided that the PSLRA's objectives are best achieved when lead plaintiffs are institutional investors or others with large holdings at stake whose interests will be most strongly aligned with those of the class members.

Vladimir v. Bioenvision, Inc., No. 07 Civ 6416(SHS)(AJD), 2007 WL 4526532, at *3 (Dec. 21, 2007). Therefore, the PSLRA provides a rebuttable presumption that the most adequate representative is the person who has either filed the complaint or made a motion in response to a notice, who has the largest financial interest in the relief sought, and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). In this context, with the respect to the requirements of Rule 23, the presumptive lead plaintiff need only make a "*prima facie* showing that [he] can satisfy the typicality and adequacy requirements of Rule 23 to be appointed." Ollila v. Bacock & Wilcox Enterprises, Inc., 253 F. Supp. 3d 827, 830 (W.D.N.C. 2017). "The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has

4

claims based on the same legal issues. Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." In re Cree, 219 F.R.D. at 372 (internal citations omitted). A searching inquiry under Rule 23 is not appropriate at this early stage of the litigation "because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified," and any further inquiry is better left for the Court's subsequent consideration of a motion for class certification. See Knurr v. Orbital ATK, Inc., 220 F. Supp. 3d 653, 658 (E.D. Va. 2016). Once established, the presumption is rebuttable only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly represent the class or will be subject to unique defenses. In re Cree, 219 F.R.D. at 371.

Van Phan is the presumptive lead plaintiff in this case because he timely filed a motion to be appointed lead plaintiff, has the largest financial interest in the relief sought, and has made a *prima facie* showing of typicality and adequacy for purposes of this stage in the proceedings. Plaintiff Mauricio Racauchi ("Racauchi") has also timely moved to serve as lead plaintiff, and has the second largest financial interest in the relief sought. Racauchi concedes that Van Phan has the greatest financial interest and does not dispute that Van Phan satisfies Rule 23's typicality requirements. Racauchi contends, however, that Van Phan's certification is deficient, rendering Van Phan inadequate and subject to unique defenses. Specifically, Racauchi states that because Van Phan signed his certification 39 days before the first complaint was filed, it is "a temporal impossibility that Van Phan reviewed any Complaint filed in the Actions before signing the Certification." (Resp. [Doc. #28] at 4.) At the hearing,

5

however, counsel for Van Phan noted that Van Phan reviewed a draft of the complaint filed in <u>Miriyala et al., v. Novan Inc, et al</u>, 17CV999, and thus reviewed the substance of the complaint and authorized its filing prior to signing the certification, as set out in Van Phan's Declaration. As discussed during the hearing, Van Phan's certification is facially sufficient, and Racauchi has not shown that Van Phan will not fairly represent the class or that Van Phan is subject to unique defenses. There is no basis to conclude that Van Phan's assertions in his certification are untrue, and as noted during the hearing, Racauchi's allegations fall short of rebutting the presumption in favor of Van Phan.[5] In addition, Van Phan notes that it is "unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit such a certificate," at least until that plaintiff actually files a consolidated complaint. (Reply [Doc. #33] at 6.) Because the Court finds that the certification appears facially sufficient, the Court need not resolve that issue at this time. Accordingly, the Court finds that the statutory presumption applies, and Van Phan is the plaintiff most capable of adequately representing the interests of the potential class members.[6] The Court therefore appoints Van Phan as lead plaintiff in the consolidated actions.

C.     Appointment of Lead Counsel

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. 78u-4(a)(3)(B)(v). In

---

[5] At the hearing, Defendants also sought to preserve their right to later object to the designation of the lead plaintiff, particularly with respect to the lead plaintiff's satisfaction of typicality and adequacy requirements. At this time, the Court makes no determination whether or on what basis Defendants may be entitled to make such a challenge at a later stage of the litigation.

[6] Alternatively, Racauchi requested limited discovery. Racauchi has not satisfied the statutory mandate that he demonstrate "a reasonable basis for a finding that [Van Phan] is incapable of adequately representing the class," to warrant delaying the case to authorize preliminary discovery. <u>See</u> 15 U.S.C. § 78u-4(a)(3)(B)(iv).

determining whether to approve counsel, the Court considers the quality and cost of counsel, "the work counsel has done in identifying or investigating potential claims in the actions, counsel's experience in handling class actions and other complex litigation and claims of the types asserted in the present action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class." In re Cree, Inc., 219 F.R.D. at 373; see also Fed. R. Civ. P. 23(g). Van Phan initially selected both Robbins Geller Rudman & Dowd and Johnson Fistel to serve as Lead Counsel, and L. Bruce McDaniel of McDaniel Anderson to serve as Liaison Counsel. It appears to the Court that the chosen law firms have been substantially involved in investigating and pursuing the claims in this action. The Court has also reviewed the firms' resumes, which indicate that they have significant experience in securities class actions and the resources to commit to litigating this action. However, at the hearing, the Court noted the need for a single designated Lead Counsel, with leave to associate co-counsel as long as no duplication or inefficiencies resulted. Therefore, the Court directed Van Phan to file a Notice of designation of Lead Counsel. Van Phan has filed that Notice, and the Court approves Van Phan's selection of counsel [Doc. #39]: Robert J. Robbins of Robbins Geller Rudman & Dowd will serve as Lead Counsel and as the primary point of contact, with Attorney Michael Fistel of Johnson Fistel as Co-Counsel. L. Bruce McDaniel of McDaniel & Anderson will serve as Liaison Counsel. As noted during the hearing, this is a preliminary determination, and "the court will take its obligation seriously to see that any fees sought by counsel are just and reasonable under the circumstances." In re Cree, Inc., 219 F.R.D. at 373.

D.    Preliminary Scheduling Order

Finally, the Court also addressed the preliminary schedule for further proceedings in this case. As discussed during the hearing, Van Phan will file a consolidated amended complaint on or before April 30, 2018. The consolidated amended complaint will be the operative complaint and will supersede all complaints filed in any of the actions consolidated here. Defendants will file a Motion to Dismiss or otherwise respond to the complaint on or before June 14, 2018. To the extent that Defendants file a Motion to Dismiss, Plaintiff's Response is due July 30, 2018, and Defendants may file a Reply on or before August 20, 2018. As discussed during the hearing, given the extended time allowed, the Court does not anticipate further extension of these deadlines.

The Parties' Rule 26(f) reports will be filed within 21 days after the District Court's ruling on Defendants' Motion to Dismiss.

IT IS THEREFORE ORDERED that Van Phan's Motion to Consolidate Cases, for Appointment as Lead Plaintiff, and Approval of Selection of Counsel [Doc. #23] is GRANTED as set out above, that Movant Mauricio Racauchi's Motion to Appoint Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Actions [Doc. #20] is GRANTED as to the request for consolidation but is otherwise DENIED as set out above, and that the Motion for Joinder [Doc. #27] filed by Defendants Piper Jaffray & Co., JMP Securities LLC, and Wedbush Securities, Inc., is GRANTED.

IT IS FURTHER ORDERED THAT:

1. For the reasons set out herein, <u>Miriyala, et al., v. Novan, Inc., et al.</u>, 17CV999; <u>Stefanowicz, et al., v. Novan, Inc., et al.</u>, 17CV1015; and <u>Cisneros v. Novan, Inc., et al.</u>,

8

17CV1066, are consolidated pursuant to Federal Rule of Civil Procedure 42(a), for proceedings before this court. The consolidated actions shall be captioned "In Re Novan, Inc., Securities Litigation." The docket in this civil action 1:17CV999 shall constitute the master docket for this action.

2. Plaintiff Van Phan is appointed as Lead Plaintiff and shall file a consolidated amended complaint on or before April 30, 2018. The consolidated amended complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated therein.

3. Defendants shall file a Motion to Dismiss or otherwise respond to the complaint on or before June 14, 2018. To the extent that Defendants file a Motion to Dismiss, Plaintiff's Response is due July 30, 2018, and Defendants may file a Reply on or before August 20, 2018.

4. The Parties' Rule 26(f) reports are due within 21 days after the District Court's ruling on Defendants' Motion to Dismiss.

5. The Court approves Plaintiff Van Phan's choice of Robert J. Robbins of the law firm of Robbins Geller Rudman & Dowd as Lead Counsel for the consolidated action, attorney Michael Fistel of Johnson Fistel as Co-Counsel for the consolidated action, and L. Bruce McDaniel of McDaniel & Anderson as Liaison Counsel for the consolidated action.

This, the 6th day of April, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
